Filed 11/23/21  P. v. Willet CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>v.<br><br>ELGIE GRANT WILLET,<br><br>      Defendant and Appellant. | B307662<br><br>(Los Angeles County Super. Ct. No.  KA121772) |

Appeal from a judgment of the Superior Court of Los Angeles County, Victor D. Martinez, Judge.  Affirmed.

Glenn L. Savard, under appointment by the Court of Appeal for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On December 27, 2019, the People charged appellant Elgie Grant Willet by way of Information with felony arson of a structure or forest in violation of Penal Code section 451, subdivision (c).[1]  Prior to that date, on August 27, 2019, the trial court declared a doubt as to appellant's competence to stand trial, suspended criminal proceedings, and referred appellant to the mental health courthouse for a competency evaluation and hearing.  On December 3, 2019, appellant was found competent to stand trial, criminal proceedings were reinstated, and he was ordered returned to the criminal trial court to resume his criminal case.

On February 19, 2020, trial by jury commenced.  The evidence at trial established that on August 9, 2019, the Los Angeles County Fire Department received a call of a brush fire in a residential area in the City of Glendora.  The firefighters parked their vehicles and hiked up a hill into the brush to get to the point of origin, or heel, of the fire.  As they cleared brush from the area, they ran across defendant crouching with his hands over his face about 50 to 100 feet from the heel of the fire.  Firefighter Steve Ismerio asked appellant what he was doing there and appellant responded that he had fallen from the top of the hill before the fire started.  When asked, appellant said he "may have" started the fire with a lighter.  The firefighters helped appellant walk down the hill and left him with their captain.  He was placed in the back of an ambulance for evaluation.

---

[1]      Undesignated statutory references are to the Penal Code.

2

Appellant was taken to Foothill Presbyterian Hospital emergency room where he was examined by Doctor Crouch. Appellant told Doctor Crouch that he fell down from the mountain and lit a fire. When Doctor Crouch asked him if he started the fire, appellant answered yes.

The arson investigator testified that the fire was started intentionally by human activity. He concluded it was appellant who started the fire.

Appellant testified that on August 9, 2019, he weighed 335 pounds. H was on his way to Arizona and saw a big letter "A" on the hillside, which he thought stood for Arizona. So he walked toward the "A," climbing the hillside when he fell and wrapped himself around a tree root to avoid falling to the bottom of the slope. He could not get himself on his feet until the firefighters helped him get up. He called for help but no one was around to hear him. So he started a fire to get help because he did not think he would otherwise survive through the night. He felt his life was in danger because he was looking at a 100 foot drop off of the cliff if he fell. He meant to start the fire in order to be rescued.

At trial, the court instructed the jury on arson and on the lesser included offense of unlawfully causing a fire in violation of section 452. The jury found appellant guilty of the greater offense of arson of a structure of forest. Appellant was sentenced to state prison for the low term of two years, with 802 days of presentence credit. He was released from custody with time served and placed on parole. He filed a timely notice of appeal.

On January 22, 2021, we appointed counsel to represent appellant on appeal.  On May 20, 2021, we vacated that order and appointed new counsel on appellant's behalf.  After examining the record, counsel filed an opening brief on September 14, 2021 raising no issues and asking this court to review the record independently as required by *People v. Wende*.  Counsel also declared under penalty of perjury that he tried unsuccessfully to locate appellant. According to the record on appeal, at the time of his trial appellant was homeless.  Counsel tried to locate appellant by contacting the California State Department of Corrections and Rehabilitation Division of Adult Parole Operations, the Los Angeles County Probation Department, the State of California Department of Corrections and Rehabilitation, the Los Angeles County Sheriff's Department and Appellant's father, Harvey Willet.  None of the agencies or Harvey Willet knew of appellant's whereabouts.  Parole Agent Magallon advised counsel that he had also been unsuccessful locating appellant despite his own diligent search.  Parole Agent Magallon advised that he had caused at least two arrest warrants to be issued because appellant had stopped reporting to the parole office.  Consequently counsel has been unable to advise appellant of the *Wende* brief, of his right to request new counsel, and of his right to file a supplemental brief.  Counsel has been unable to forward copies of the record on appeal and brief to appellant for his review, as we ordered on September 14, 2021.

On September 14, 2021, we set a 30-day deadline for appellant to submit a supplemental brief or letter stating any grounds for appeal or contentions or arguments which appellant wishes us to consider.  No supplemental brief was filed.

We have independently reviewed the record and are satisfied that counsel has fully complied with his responsibilities in assessing whether colorable appellate issues exist.  We conclude there are no arguable appellate issues.  (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende, supra*, 25 Cal.3d at p. 441.)  However, there is a clerical error in the abstract of judgment.  In its oral pronouncement of sentence, the trial court awarded 401 days of pretrial custody credit and 401 days of good time/work time credit for a total of 802 days.  The abstract of judgment shows a total of 801 days.  "Where there is a discrepancy between the oral pronouncement of judgment and the minute order or abstract of judgment, the oral pronouncement controls."  (*People v. Zachery* (2007) 147 Cal.App.4th 380, 385.)

5

**DISPOSITION**

The judgment is affirmed. Upon issuance of the remittitur, the trial court shall amend the abstract of judgment to reflect a total of 802 days credit. The trial court is directed to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.*

---

*      Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6